**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**VALDA JEAN PERRY,**

**Plaintiff,**

**5:12-cv-1224 (GLS)**

**v.**

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

**Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group<br>300 S. State Street<br>5th Floor, Suite 520<br>Syracuse, NY 13202 | KAREN S. SOUTHWICK, ESQ.<br>BRANDON W. SAWYER, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | SERGEI ADEN<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Valda Jean Perry challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Perry's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On November 5, 2009, Perry filed an application for SSI under the Social Security Act ("the Act"), alleging disability since January 1, 2008. (*See* Tr.[1] at 50, 150-53.) After her application was denied, (*see id.* at 67-72), Perry requested a hearing before an Administrative Law Judge (ALJ), which was held on June 14, 2011, (*see id.* at 23-48, 76-78). On June 21, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.*

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

at 1-6, 51-66.)

Perry commenced the present action by filing her Complaint on July 31, 2012 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 12, 13.)

## III. Contentions

Perry contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 12 at 9-23.) Specifically, Perry claims that the: (1) ALJ erred in failing to find that she met listing 12.04; (2) residual functional capacity (RFC) determination is unsupported by substantial evidence; (3) credibility assessment is unsupported by substantial evidence; and (4) step five determination is unsupported by substantial evidence. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 13 at 5-18.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (*See*

Dkt. No. 12 at 2-7; Dkt. No. 13 at 1.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[2] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Listing 12.04

First, Perry claims that the ALJ erred in failing to find that her major depressive disorder met or medically equaled listing 12.04. (*See* Dkt. No. 12 at 9-13.) According to Perry, the ALJ correctly found that she met the requirements of paragraph A of listing 12.04, but erred in failing to find that she suffered marked difficulties in maintaining social functioning and maintaining concentration, persistence or pace. (*See id.*) The court

[2] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

disagrees.

As relevant here, affective disorders, which are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome,"[3] constitute a listing level impairment—and presumptive disability—provided that the claimant has a "[m]edically documented persistence, either continuous or intermittent," of one of the conditions specified in paragraph A. 20 C.F.R. pt. 404, subpart P, app. 1, § 12.04(A). The persistent condition from paragraph A must result in at least two of the paragraph B conditions, specifically: "(1) [m]arked restriction of activities of daily living; or (2) [m]arked difficulties in maintaining social functioning; or (3) [m]arked difficulties in maintaining concentration, persistence, or pace; or (4) [r]epeated episodes of decompensation, each of extended duration. *Id.* at § 12.04(B).

Here, the ALJ explained that "the medical evidence substantiates the presence of an affective disorder (paragraph 'A' criteria)," but not two of the paragraph B criteria of listing 12.04. (Tr. at 56.) The Commissioner disputes Perry's contention that the ALJ concluded that she "met the

---

[3] "Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." 20 C.F.R. pt. 404, subpart P, app. 1, § 12.04(C).

multiple, specific criteria identified in section A for each impairment." (Dkt. No. 13 at 6.) According to the Commissioner, the ALJ did not engage in an analysis of the paragraph A criteria, because it was unnecessary, as Perry did not meet the paragraph B criteria. (*See id.*) Even if the ALJ concluded that Perry's impairments met the requirements of paragraph A, his determination that listing 12.04 was not met, because Perry did not suffer two of the conditions listed in paragraph B, is supported by substantial evidence.[4] (*See* Tr. at 56-57.)

Perry argues that the ALJ erred in finding that she suffered only moderate difficulties with regard to social functioning. (*See* Dkt. No. 12 at 10-11.) According to Perry, the ALJ's explanation that she complained of anxiety being around others or in crowds and difficulty getting along well with friends and family supports a determination that she is markedly impaired in this area. (*See id.*) However, a listing determination may be upheld despite "the absence of an express rationale," where "portions of the . . . decision and the evidence . . . indicate that [the ALJ's] conclusion was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d

---

[4] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citation omitted).

464, 468 (2d Cir. 1982).

Here, the ALJ provided additional support for his listing decision in his RFC assessment. (*See* Tr. at 58-59.) Specifically, the results of mental status exams throughout the record do not support Perry's claims of marked limitations in this area. (*See id.*) Indeed, progress notes completed by treating psychiatrist Narayana Reddy from March 2008 through March 2011 reveal that Perry's demeanor and behavior was cooperative, eye contact was normal, and appearance, orientation, speech, psychomotor activity, affect, mood, and thought process were within normal limits. (*See id.* at 347-68, 507-08, 511-12, 515-16, 519-20, 523-26.) Further, she was alert, her insight and judgment were good, and she had no suicidal or homicidal ideation. (*See id.*) In addition, treatment plan reviews conducted by Dr. Reddy from February 2009 through May 2011 reflect that medication was effective at reducing Perry's anxiety symptoms and stabilizing her mood. (*See id.* at 338-45, 505-06, 509-10, 513-14, 517-18, 521-22, 527-28.) At a consultative examination conducted by Jeanne Shapiro in March 2010, Perry's demeanor was cooperative and her manner of relating, social skills, and overall presentation was adequate. (*See id.* at 373.) Although Perry reported difficulty getting along

well with friends and family, she also reported that, on a regular basis, she was able to shop and take public transportation. (*See id.* at 374.)

Perry also argues that the ALJ erred in determining that she only suffered moderate difficulties with regard to concentration, persistence, or pace. (*See* Dkt. No. 12 at 11-12.) Perry points to the results of a November 2007 exam which revealed she had poor concentration, and an April 2008 exam by Dr. Reddy which revealed poor immediate memory. (*See id.*) In addition, Dr. Shapiro opined that Perry "may have difficulty adequately understanding and following some instructions and directions as well as completing some tasks given that she complains of memory and concentration deficits," and Dr. Reddy opined that Perry suffered marked limitations in the ability to understand, remember, and carry out simple instructions and make judgments on simple work-related decisions. (Tr. at 374; *see id.* at 452.)

Despite the evidence Perry points to, substantial evidence supports the ALJ's determination that she only suffered moderate limitations in the area of concentration, persistence, and pace. *See Bonet ex rel. T.B. v. Colvin*, No. 12-4186-CV, 2013 WL 3214890, at *1 (2d. Cir. June 27, 2013) (explaining that "whether there is substantial evidence supporting the

appellant's view is not the question," instead, the court must "decide whether substantial evidence supports *the ALJ's decision*"). Notably, the record contains Dr. Reddy's treatment notes from March, June, August, and November 2008, January, March, June, September, and November 2009, January, March, May, July, October, and December 2010, and March 2011 in which he reported that Perry's attention and concentration were within normal limits and memory was intact. (*See* Tr. at 347-48, 351-68, 507-08, 511-12, 515-16, 519-20, 523-26.) Perry points to the only examination, conducted in April 2008, in which Dr. Reddy found that she suffered memory problems, however, this examination also revealed that Perry's attention and concentration were within normal limits. (*See id.* at 349-50.) In addition, Dr. Shapiro's March 2010 examination revealed that Perry's "attention and concentration were intact. She was able to do counting, simple calculations, and serial [threes]." (*Id.* at 373.) Further, Dr. Shapiro found that Perry's "recent and remote memory skills were intact. She was able to recall three objects immediately and after two minutes [and] restate [five] digits forward and [three] digits backward." (*Id.*) Perry reported to Dr. Shapiro that she regularly watched television and did cross word puzzles. (*See id.* at 374.)

In addition to the above examination findings, the opinion of medical consultant R. Altmansberger supports the ALJ's determination that Perry experienced only moderate difficulties in social functioning and concentration, persistence, and pace. (*See id.* at 396-99.) Thus, the ALJ's determination with respect to listing 12.04 is supported by substantial evidence. *See* 20 C.F.R. pt. 404, subpart P, app. 1, § 12.04.

## B. RFC Determination

Next, Perry argues that the ALJ's RFC determination is unsupported by substantial evidence because the ALJ: (1) failed to give controlling weight to the opinion of Dr. Reddy; and (2) afforded only "little weight" to the opinion of Dr. Shapiro.[5] (Dkt. No. 12 at 13-19.) The Commissioner counters, and the court agrees, that substantial evidence supports the ALJ's RFC assessment. (*See* Dkt. No. 13 at 9-14.)

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 416.945(a)(3).

[5] Notably, Perry does not contest the ALJ's assessment of her physical impairments. (*See generally* Dkt. No. 12.)

An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ concluded that Perry had the RFC to understand, remember and carry out simple instructions and make judgments on simple work-related decisions, interact appropriately with supervisors and coworkers, and respond to usual work situations and changes in a routine work setting. (*See* Tr. at 58.) However, the ALJ concluded that Perry "could only occasionally tolerate direct customer service interaction with the public and would be precluded from work around large crowds." (*Id.*) In making his determination, the ALJ relied on Dr. Reddy's treatment notes which demonstrated that Perry's demeanor and behavior was cooperative, attention and concentration were within normal limits, insight and judgment were good, and thought process was normal. (*See id.* at 59.) Further, the ALJ noted that Dr. Reddy's treatment notes revealed that Perry's medications were controlling her symptoms of anxiety and depression. (*See id.*) The ALJ also relied on the examination results of Dr. Shapiro. (*See id.*)

Dr. Reddy completed a medical source statement in May 2011 and opined that Perry was markedly impaired in her ability to understand, remember and carry out simple instructions and make judgments on simple work related decisions, as well as interact appropriately with the public, supervisors, and co-workers.[6] (*See id.* at 452-53.) According to Dr. Reddy, Perry suffered an extreme limitation in her ability to understand, remember, and carry out complex instructions and make judgments on complex work-related decisions, as well as respond appropriately to usual work situations and changes in a routine work setting. (*See id.*)

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and

---

[6] Dr. Reddy first completed a medical source statement for Perry in May 2010. (*See* Tr. at 406-09.) The ALJ considered both opinions, however, Dr. Reddy's May 2011 medical source statement was more restrictive than her earlier opinion and Perry focuses her arguments on the May 2011 opinion. (*See id.* at 60, 406-09, 451-54; *see generally* Dkt. No. 12.)

extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. § 416.927(c)(2)-(6). The ALJ must provide "'good reasons' for the weight given to the treating source's opinion.'" *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted).

In this case, the ALJ declined to give controlling weight to the opinions of Dr. Reddy, and, instead, gave them "some weight" because they were inconsistent with the results of the consultative examination as well as Perry's reported activities of daily living. (Tr. at 60-61.) As discussed above, the results of Dr. Reddy's examinations were consistently normal and she repeatedly noted that Perry's symptoms were controlled with medication. (*See id.* at 338-45, 347-68, 505-28.) In addition, Perry's ability to perform a wide range of daily activities is inconsistent with Dr. Reddy's restrictive opinion. (*See id.* at 31, 33, 197-200, 374.) Finally, Dr. Reddy's opinion is inconsistent with the opinion of Dr. Altmansberger. (*See id.* at 396-99.) Accordingly, the ALJ provided sufficient reasons for discounting portions of Dr. Reddy's opinion, and his decision to do so is supported by substantial evidence.

With respect to the opinion of Dr. Shapiro, the ALJ explained that he afforded it "little weight" because it was inconsistent with the "overall medical evidence of record." (*Id.* at 61.) Dr. Shapiro opined that Perry "may have difficulty adequately understanding and following some instructions and . . . completing some tasks." (*Id.* at 374.) Dr. Shapiro based this opinion on Perry's complaints of memory and concentration deficits. (*See id.*) Dr. Shapiro further opined that Perry "may have difficulty interacting appropriately with others due to social withdrawal," and "[a]ttending work or maintaining a schedule may be difficult due to lack of motivation and lethargy." (*Id.*) Finally, Dr. Shapiro stated that Perry does not appropriately manage stress. (*See id.*) The results of Dr. Shapiro's mental status examination, however, were largely benign, other than Perry's mood, which was "a little manic," and her cognitive functioning, which was estimated to be in the borderline range. (*Id.* at 373-74.) Because Dr. Shapiro's opinion was inconsistent with her own examination results, as well as Dr. Reddy's examination results, Perry's reported activities of daily living, and Dr. Altmansberger's opinion, the ALJ's decision to discount her opinion is supported by substantial evidence. (*See id.* at 347-68, 373-74, 396-99, 507-08, 511-12, 515-16, 519-20, 523-

26.)

**C. <u>Credibility Determination</u>**

Perry also alleges that the ALJ's credibility determination is not supported by substantial evidence because the ALJ: (1) misstated her daily activities; and (2) improperly compared her statements to his RFC determination, rather than the entire case record. (*See* Dkt. No. 12 at 19-21.) According to the Commissioner, the ALJ properly evaluated Perry's credibility and his determination is supported by substantial evidence. (*See* Dkt. No. 13 at 14-17.) The court agrees with the Commissioner.

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that could reasonably be expected to produce the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 61 Fed. Reg.

34,483, 34,485 (July 2, 1996). Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 416.929(c)(3)(i)-(vi)).

Here, the ALJ determined that Perry's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with his RFC determination. (*See* Tr. at 60.) The ALJ appropriately noted that, despite her allegations of suffering anxiety attacks when in crowded situations, Perry testified that she can go to the grocery store without any problems, other than the difficulty of finding transportation. (*See id.* at 33-34.) Contrary to Perry's arguments, the ALJ properly considered her ability to shop and do laundry, even if only done weekly and not daily. (*See* Dkt. No. 12 at 20.) Finally, the ALJ undertook a detailed credibility analysis, and his reference to consistency with the RFC determination was merely an indication that the

RFC determination incorporated those findings. (*See* Tr. at 58-61.) Ultimately, because his reasoning for doing so is “set forth . . . with sufficient specificity . . . [and] is supported by substantial evidence,” the ALJ’s credibility assessment is conclusive. *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

**D. <u>Step Five Determination</u>**

Lastly, Perry argues that, because the hypothetical question posed to the vocational expert (VE) was incomplete, the ALJ’s determination at step five is not supported by substantial evidence. (*See* Dkt. No. 12 at 21-23.) Specifically, she alleges that the ALJ’s errors in assessing her RFC and credibility, along with a failure to explicitly include in the hypothetical question the limitations articulated by Dr. Reddy, fatally undermine the step-five determination. (*See id.*) As discussed above, however, the ALJ’s RFC and credibility findings were legally sound and are supported by substantial evidence. Further, the hypothetical question posed to the VE appropriately encompassed the restrictions contained in the ALJ’s RFC analysis. (*See* Tr. at 43-44.) As such, the ALJ’s step-five determination was free of legal error and is supported by substantial evidence. *See Mancuso v. Astrue*, 361 F. App’x 176, 179 (2d Cir. 2010) (explaining

that, if the ALJ's RFC assessment is supported by substantial evidence, it is appropriate for him to rely on that RFC assessment in questioning the VE).

### E. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Perry's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 26, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court